IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON DEVON FOOTES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-19-3178 |
| RUSSEL NEVERDON, et al., | * | |
| Defendants. | * | |

***

# MEMORANDUM OPINION

Aaron Devon Footes, a prisoner confined at Jessup Correctional Institution ("JCI"), brings this civil action against Defendants Executive Director Russel Neverdon, Judith Barr, Deputy Director Robin Woolford, Hearing Officer Jamie Farris, State of Maryland Office of the Attorney General ("OAG"), Department of Public Safety and Correctional Services ("DPSCS"), and the Secretary of DPSCS. ECF No. 1. Footes contends that Defendants violated his due process rights during a disciplinary proceeding for failing to provide his requested representation and make a witness available. He further takes issue with Defendants having considered evidence in the light most favorable to the institution which led to the guilty finding and sanctions. *Id.* at 6.

On August 7, 2020, Defendants moved to dismiss the Complaint or for summary judgement to be granted in their favor. ECF No. 6. Footes opposed the motion and Defendants replied. ECF Nos. 11, 12. Footes was afforded the opportunity to review the audio file of the challenged hearing that Defendants submitted to the Court. ECF No. 14. Footes thereafter filed a supplemental pleading related to the audio file. ECF No. 15.

The matter is now ripe and ready for review. For the reasons discussed below, Defendants' Motion shall be granted.

I.     **Background**

The Court construes the facts most favorably to Footes as the non-moving party. Footes is currently incarcerated at JCI but was confined at North Branch Correctional Institution ("NBCI") at all times relevant to his claims. Officer Lepley reports that on January 8, 2018, he was assigned to Footes' tier when inmate Dennis Fletcher waved at him from the day room. ECF 6-2 at 38. Officer Lepley noticed that Mr. Fletcher's shirt was tied to the security cage and his pants were wet and smelled of urine. *Id.* When Officer Lepley asked Mr. Fletcher what had happened, Fletcher replied, "some people just can't grow up." *Id.* Officer Lepley later reviewed the surveillance footage and observed Footes using a shampoo bottle filled with suspected urine to assault Mr. Fletcher. *Id.*

Footes contends that Officers Lepley and Bosley strip searched him and confiscated a shampoo bottle that had been sewn into a jock strap. ECF No. 1 at 7; ECF No. 6-2 at 39. Officer Bosley reports that he brought the bottle and jockstrap to the NBCI Operations Center, completed a chain of custody report, assigned an institutional case number to the matter, then photographed the items and discarded them. ECF No. 6-2 at 39.

As a result, the institution charged Footes with assault and battery of an inmate and possessing, using, or manufacturing a weapon. ECF No. 1 at 4; ECF 6-1 at 2. According to Footes, his hearing on the charges was not recorded; however, Defendants have submitted the audio recording of the hearing as an exhibit to this Court. ECF No. 1 at 4, 6; *see generally* ECF No. 12-1.

At the conclusion of the hearing, Hearing Officer Farris found Footes guilty of both infractions. ECF No. 6-2 at 40. Farris specifically noted that battery only required the "unlawful or impermissible touching or striking of an individual by another with or without consent," and

2

therefore striking Mr. Fletcher with a liquid fell within the definition of battery regardless of whether the liquid was urine. *Id.* Farris also credited the testimony and evidence presented against Footes over his contested version of events. As a sanction, Footes received 90 days segregation, loss of 60 good conduct credits, and 10 days of cell restriction on the first charge and a concurrent sanction of 90 days segregation with 50 days of cell restriction on the second. ECF No. 6-2 at 41.

Footes challenges the evidence presented at the hearing, contending that the bottle and its contents should have been preserved for DNA testing and that a photograph presented at his hearing was of a lotion bottle, not a shampoo bottle. ECF No. 1 at 7; ECF No. 11 at 3. He maintains that "officers switched the bottles;" he also argues that the officers' reports are deficient for failing to explain how Footes assaulted Mr. Fletcher or "how the bottle appeared to be urine." ECF No. 11 at 3, 4; ECF No. 11-1 at 4; ECF No. 15 at 3. Footes also claims that Farris refused to call Footes' requested representative, inmate Lamont Jackson, and denied Footes' request to call a witness. *Id.* at 6; ECF No. 11 at 2-3; ECF No. 15 at 2-3. Footes lastly takes issue with Farris' supposed shifting the burden to proof, viewing the evidence most favorably to the institution, resulting in essentially baseless convictions. ECF No. 1 at 6; *see* ECF No. 11 at 3-4.

**II.     Standard of Review**

Defendants have moved to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment to be granted in their favor. Such motions implicate the Court's discretion under Rule 12(d). *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court maintains "'complete discretion to determine whether or

not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Footes was placed on notice that Defendants sought summary judgment. ECF No. 6. *See Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005). Footes has also submitted record evidence outside the four corners of the Complaint. *See* ECF No. 11. Accordingly, the Court will treat this motion challenging the merits of Footes' claims as one for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

The Court maintains an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "A party opposing a properly supported motion for summary judgment 'may not rest

upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)).  A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

### III.    Analysis

#### A.  Defendants OAG and DPSCS

Defendants OAG and DPSCS separately move for dismissal because the Complaint makes no specific allegations of wrongdoing against either.  The Court begins by noting, more fundamentally, that neither OAG or DPSCS is a "person" subject to suit for constitutional violations brought under 42 U.S.C. § 1983.[1]  *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002).  Courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under §

---

[1] That section states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory…subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. §1983 (emphasis supplied).

1983 are directed at 'persons' and the jail is not a person amenable to suit"). The same is true of OAG and DPSCS here. The claims against each are dismissed.[2]

### B. Due Process

The remaining Defendants argue that summary judgement is warranted in their favor because no evidence supports that Footes was denied either procedural or substantive due process in connection with his institutional hearing. ECF No. 6-1 at 10.[3] Although the Due Process clause applies to prison disciplinary proceedings, the protections afforded are more limited than the full array of rights that attach to criminal proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). Where, as here, a prisoner faces possible loss of diminution credits, the prisoner must be given: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when to do so is not inconsistent with institutional safety and correctional concerns; (4) a written decision; (5) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (6) an impartial decision-maker presiding. *See Wolff*, 418 U.S. at 564-66, 592. However, the prisoner does not maintain a constitutional right to confront and cross-examine witnesses or to obtain counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 504-05 (4th Cir. 2004).

---

[2] All Defendants also contend that the Court should dismiss the Complaint because Footes failed to request any relief. ECF No. 6-1 at 10. Although Defendants are correct that the Complaint is silent on requested relief, Footes clarifies the relief sought in his response to Defendants' motion. See ECF No. 11-1 at 15. Because Footes is self-represented, this Court construes his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. P. 8(f). The Court declines to dismiss the Complaint outright based on Footes' failure to plead requested relief in the Complaint.

[3] Footes also challenges aspects of his case that are part of the DPSCS administrative review process. ECF No. 11 at 6, *see also* ECF 11-1 at 9-10. Footes' case has been referred to the Office of Administrative Hearings, although Defendants note in their reply that a hearing had not yet been scheduled. ECF No. 12 at 2; ECF No. 12-2 at 1. The Court confines itself to the constitutional challenges to the institutional hearing and not those currently part of the DPSCS administrative review process.

As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 322, n.5.

As to substantive due process, an adverse ruling after a disciplinary hearing must be based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Tyler v. Hooks*, 945 F. 3d 159, 171 (4th Cir. 2019) ("the 'some evidence' standard is extremely broad in scope and presents a very low burden for prison officials to meet."). Federal courts do not review for correctness the hearing officer's findings of fact, *see Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980), and will not disturb such findings unless they are unsupported by any evidence or are wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990); *Tyler v. Hooks*, 945 F.3d at 171-72. As long as some record evidence supports the factual findings, a federal court will not look behind such facts.

With this standard in mind, the Court turns to Footes' claims. When viewing the record in the light most favorable to Footes as the nonmovant, the Court finds no evidence that he was deprived either procedural or substantive due process. Footes received written notice of the charges against him on January 8, 2018, which also included written statements of the evidence and rationale for charging him with two rule violations. *See* ECF No. 6-2 at 10-13. Footes was afforded a hearing during which he could call witnesses and present evidence. The record of such hearing makes plain that Footes waived these rights despite his bald assertions to the contrary now. *Id.* at 30; *see* ECF No. 12-1 Attachment (Audio DVD). At the hearing, Farris noted that Footes' requested representation, inmate Lamont Jackson, refused to appear, and Footes agreed to proceed without Mr. Jackson. ECF No. 12-1 at 00:50 - 01:12. Officer Farris also asked whether he wished for Dennis Fletcher to appear as a witness, and Footes declined. *Id.* at 01:20 - 01:37.

During the hearing, officer reports were read into the record, and Hearing Officer Farris admitted into evidence the chain of custody report and photographs of the altered jockstrap, the bottle, Mr. Fletcher's clothing, and the cage in which the assault allegedly took place. ECF 12-1 Attachment at 07:43 - 11:00, 12:40 - 15:12. At the conclusion of the hearing, Farris submitted a written decision. ECF No. 6-2 at 40. Nothing in the record undermines that Farris acted as an impartial decisionmaker. Accordingly, when viewed as a whole, nothing before this Court supports Footes' claim that he was denied procedural due process.

Similarly, no record evidence supports a substantive due process violation. The record before this Court reflects that Officer Farris' decision was supported by "some evidence." And although Footes would have preferred DNA testing on certain items, he certainly does not maintain a constitutional right to such evidence in the prison hearing context. Thus, when viewing the record most favorably to Footes, summary judgment must be granted in Defendants' favor as to the due process claims.

**IV.   Conclusion**

The Complaint is dismissed as to Defendants AOG and DPSCS. Summary Judgment is granted in favor of Defendants Secretary of DPSCS, Neverdon, Barr, Woolford, and Farris.

A separate Order follows.

|  |  |
|---|---|
| ____1/13/21____<br>Date | ____/S/____<br>Paula Xinis<br>United States District Judge |